NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
JOHN W. PEROTTI,                    :
                                    : Civil Action No. 13-0545 (NLH)
            Petitioner,             :
                                    :
       v.                           : **MEMORANDUM OPINION**
                                    :
WARDEN J.T. SHARTLE,                :
                                    :
            Respondent.             :
_____ :

This matter comes before the Court upon Petitioner's submission of a cancelled check verifying that he prepaid his filing fee, see Docket Entry No. 4, and it appearing that:

1. Petitioner filed a § 2241 petition challenging the sentence imposed by the United States District Court for the Northern District of Ohio ("N.D. Ohio"). See ECF No. 1, accord United States v. Perotti, Crim. No. 04-0276 (DCN) (N.D. Ohio). The petition arrived unaccompanied by Petitioner's in forma pauperis application or his filing fee. See Docket Entry No. 1. The Court, therefore, denied Petitioner in forma pauperis without prejudice. See ECF No. 3. In response, Petitioner submitted a copy of the cancelled check verifying that he paid his filing fee. See ECF No. 4. The Court, therefore, will direct the Clerk to restore this case to the Court's active docket so to address Petitioner's claims.

2. Petitioner asserts that the offense of which he was convicted should not allow for a sentence that includes a supervised release component. See ECF No. 1. However, this Court is without jurisdiction to address Petitioner's challenge. A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Court of Appeals held that § 2255 was inadequate or ineffective to address the petitioner's claim that he was imprisoned for conduct that the Supreme Court ruled was not a crime. See Dorsainvil, 119 F. 3d at

2

250.  Here, Petitioner does not raise this type of challenge; he merely maintains that the Northern District of Ohio erred in imposing a sentence with a supervised release component. Since the Dorsainvil exception does not apply here, this Court lacks jurisdiction to entertain Petitioner's claim and his petition will be dismissed.

3. Since Petitioner was already informed by the United States Court of Appeals for the Sixth Circuit about his right to file a Section 2255 action, see United States v. Perotti, No. 05-4227, 226 F. App'x 516, 519 (6th Cir. 2007), this Court finds that it is not in the interests of justice to transfer this action to either the Northern District of Ohio or the Sixth Circuit. However, no statement made in this Opinion or in the Order filed herewith should be construed as preventing Petitioner from seeking leave to file a Section 2255 motion in the appropriate forum of his own accord. This Court expresses no opinion as to the timeliness, procedural propriety or merit of such motion, if filed.

September 26, 2013          s/ Noel L. Hillman
                            **NOEL L. HILLMAN**
                            **United States District Judge**
At Camden, New Jersey